Robert D. McClernand, presiding. Please be seated. Your Honor, this is the first case of the morning, call 213-0701, in re the Estate of F. Radwanski, on behalf of the Capilano, Mr. Bruce Rose, on behalf of the, I believe, Mr. Jeffrey M. Kowalkowski. Kowalkowski. Kowalkowski. Sorry. Okay. Thank you. Mr. Rose? May it please the Court. When this case was first before this Court a little over a year ago, the matter concerned the trial of a number of issues, including $700,000 in cash that was missing. The Court issued a Rule 23 order on February 7, 2013, that effectively changed the landscape vis-à-vis that $700,000 as it had existed before and during the trial of the case, the original trial of the case. In that the Court affirmed, this Court affirmed the trial court's finding that the $700,000 belonged to the Estate of Dennis F. Radwanski rather than to my client's fully owned corporations. Consistent with that ruling, my client then petitioned the trial court to have citations to discover assets issued. That was blocked, as the Court knows, by a 2619 motion claiming that the issue of who took the $700,000 was barred by res judicata. That arose, that argument arose from the fact that my client, in response to the citations to recover assets that were issued in the trial and the first appeal in this matter, she raised the affirmative defense of unclean hands with the belief that her sons, who had filed one of these citations to recover, had actually taken the money. As the Court also knows, during trial, I was questioning, cross-examining one of the sons, Dennis Radwanski, concerning his access to his mother's house during the time period when the $700,000 went missing. An objection as to relevancy was made. In response, at least expressly, the Court never ruled on that objection in the sense of saying sustained or overruled. Instead, we got a colloquy that took place between the trial court and myself. In which the Court says, I don't care who took it, not my job, let's move on. Correct. So the Court appeared to be adamant that it was simply not an issue in the case. That's correct, Judge. That's the way the record reads, but let me ask you the next logical question. All right. Knowing that, did you ever file a motion asking the Court to reserve the issue so that you could refile it later? I mean, that could have been done, and maybe we wouldn't be having this argument over what the trial judge meant. Did you do that? I did not. Why did you not? Because it seemed to me that the ruling was very clear on the record. We knew that there was an electronic transcript being prepared. The judge was very clear in his ruling. We had not actually filed a claim. That was simply part of the factual basis for the Second Affirmative Defense. It was not a claim per se. We were not trying to recover the money. We were simply saying, we believe that this money was taken by the sons. Therefore, they have unclean hands. That's a defense saying that they should not be allowed to proceed on their citation to recover. Was the first proceeding a citation to discover assets or a citation to recover assets? That was a citation to recover assets, but it never really fell squarely into the nature of a citation to recover, which generally, on the case law that I've seen, is an effort to recover property. Well, it was either, if I could get to the point, as soon as the issue was raised and the trial court ruled upon whether or not there was a breach of a duty that would have entitled the party who was seeking to recover the funds would have been able to recover the funds. Why, if your client was making a claim for recovery, why didn't you file a counterpetition? She was not. Her position was not that the money belonged to her, but that it was corporate funds. The corporations were not parties to the proceeding. The citation to recover was brought against her individually. And as I was saying a moment ago, it was not, strictly speaking, a citation to recover in that sense because my reading of the case law says that generally the citation to recover is to recover property from a fiduciary who has wrongfully withheld the property. In this case, are you representing the same client in this appeal as you were in the original proceedings? I am, but at that point she was not, as I say, acting on behalf of the corporations. They were not parties. At that point she was simply stating they took the money, therefore they have unclean hands. Here she's effectively acting on behalf of the estate because the citation to discover goes to trying to learn the whereabouts or what may have happened to the funds that this court has now affirmed belonged to the estate. Are you saying that the doctrine of raised judicata does not apply or would not apply because the trial court never ruled on the issue of the funds and who took the funds? That's certainly part of it, yes. There was no final determination on that fact, which is a fact. It was not a claim. It was part of the factual basis for the defense and the case law holds that we've cited to the court. Even if there were a factual basis included as part of the first proceeding that would have formed a counterclaim, a claim, whatever, in a subsequent proceeding, unless that would result in some kind of nullification or impairment of the finding in the first proceeding, then raised judicata does not apply because, and here, again, we're talking about simply a factual allegation that was made in support of the affirmative defense of unclean hands. So if we were to proceed on this matter on the basis that we believe that the sons have taken the money and we're trying to discover where it went, even if that money were subsequently recovered, that would have no effect whatsoever on the original finding, either by the trial court or by this court, the money belonged to the estate or that my client was not negligent in the way she retained the money so that it was capable of being stolen. It would have no impact. Consequently, for that reason also, raised judicata would not apply. Well, raised judicata has been otherwise called estoppel by judgment. Collateral estoppel has been called estoppel by verdict. Which one is more apt in this case? I think, and it has always been my view, that given the nature of the claim, the fact that we're talking about a factual allegation in support of the second affirmative defense, that collateral estoppel would have been the more appropriate way to approach this. The problem is there was no finding. And for collateral estoppel, it's well established, as the court knows, that there must be a specific clear finding of a fact in the first proceeding for collateral estoppel to act as a bar in the second proceeding. There was no finding of fact. So that's why you didn't ask for it to be reserved. In your opinion, the judge never found anything along those lines on the issue of who stole the money. There was no final determination one way or the other, either factual or in terms of the claim. There was no ruling on the second affirmative defense either. Although it's been argued that it was implicit, there was still no finding that the sons were in any way barred from bringing their claim. So, again, it seemed to me making the instantaneous decision while I'm standing before the court in a misdepressed examination running the scenario through my head. You had ample time to raise that issue later or to ask that the court reserve it. It wasn't instantaneous. I mean, I appreciate the judge says, okay, that's it, this is not my issue right now.  In retrospect, or as I considered it afterwards, Judge, the more I thought about it, the more it seemed clear to me that it had been reserved. It was simply by the judge. He was saying this issue was not before me. Does the court have the authority to reserve your claim? I believe he does, Judge. That's one of the exceptions to res judicata, if the court reserves the issue. And there's certainly case law that's been cited to that effect. Well, what did he say? He never used the words reserve. What did he say that would cause you to read into that that he somehow reserved or held the ruling in advance? How did you glean that? I don't think I read into it, Your Honor. He stated, he asked, is the purpose of this case to determine who took the $700,000? When I answered it was. He answered very clearly it is not an issue in this case. There are two issues. Is the $700,000 an asset of the estate? If it is, did Ms. Radwanski violate her obligation as a fiduciary to take reasonable steps to protect it? Those are the only two issues I have. I don't care who took it, not my job. I don't think it can get much clearer than that that he's saying this is not an issue that I believe is before me, and it's not an issue that I'm going to rule on. At that point, it seems to me that it's clear that this is not something that's going to be decided. And, in fact, it was not decided. There was no reference at all to it in either the trial court September 30 of 2011 ruling or in this court's February 7, 2013 Rule 23 order. The Supreme Court, I think, is one that just kind of analyzes race judicata or collateral estoppel. It talks about transactional factual circumstances. Yes, going back to the River Park case. How does your argument, your defense, I think it was an affirmative defense that you raised in the first proceeding, which was the boys took it. Why is that transactional set of facts and circumstances, which you now raise in these proceedings, how is it that it's not transactional? Because it seems to me that what you were raising then as a defense, you're raising now as a claim, when you could have just as easily, regardless of what the trial court said or did, because there is such a thing as appellate review, why didn't you file a counterpetition then making the same arguments on the same set of facts that would have allegedly, it would seem, or possibly, assuming the trial court would have ruled in your favor, to grant you relief that you're seeking here today or in the trial court below previously? As I've indicated, the original proceeding was personal against my client, Sherry Radwanski. It was not against the corporations.  She could not assert a claim. And in fact, if she had tried to assert it, it would have been contrary to her position that these funds were corporate funds, were not personal funds to the decedent. So her claim was never that they were her funds. It was either the estates or the corporations' funds? Correct. Correct. And that was her position all the way through. So there was no claim to be asserted. She was simply saying these funds don't belong to the estate and the boys should not be allowed to proceed on it because of their unclean hands. Having had the trial court's determination affirmed by this court a little over a year ago, she then proceeded consistently with that order. How can you make a ruling that there were funds of the estate without a representative of the estate being involved in the case? Because if you ruled that it wasn't funds of the estate and therefore it wouldn't make any difference whether there was a breach. The original citation to recover was brought by the estate. When we were going, getting ready to go to trial originally February 11th, I believe, of 2011, it became apparent that the attorney for the boys was intending to try the case. I brought that to the trial court's attention and said he is not a party to this particular, or they are not parties to this particular citation. The trial court agreed, directed that if they were to proceed, they needed to file their own citation to recover, which they did. The estate then filed an amended citation. So we then proceeded to trial in August 2011 on the two citations to recover, one by the estate, one by the boys on behalf of the estate. But both brought against my client personally, not against the corporations. Okay. How is it that she was appearing in an individual capacity, did not appear in a corporate capacity, and now is appearing in a corporate capacity? What is the rationale for her failure to appear additionally as a representative of the corporation, making the same arguments that she's making now, then, which I thought you just told us, was that her position has always been that the assets belong to the corporation, and if she is the corporate entity or the corporate agent, why didn't she raise the arguments then instead of now? Again, the corporations were not parties to that proceeding. It was brought against her individually to recover, primarily to recover personal property that was in her possession, automobiles, some planes, some other items, plus they wanted repayment of the $700,000, which they agreed was missing. And at that time, her position was, these are corporate funds, and all she was saying was you cannot proceed based on the clean hands. So you're saying that there was an affirmative defense, that they were corporate funds, not estate funds, and was there an affirmative defense or just a mere denial that she breached her fiduciary duties? There was no affirmative defense that these were corporate funds. There was a denial and, I believe, affirmative statements in the answer to the citation to recover, that these were corporate funds. But there was no affirmative defense per se. The affirmative defense was simply that they cannot proceed, they being the sons, on the citation to recover because of their unclean hands. Now she's saying, all right, this court has ruled, it is irrevocably fixed, that these were not corporate funds, these were estate funds. So she's saying, fine, on behalf of the estate, I would like to have citations to discover issued to these various individuals. Was that filed in a motion to reconsider after the final ruling or judgment by the trial court in the first proceeding? No, because we knew that that would be coming to this court. Her position was still, these are corporate funds, these are not estate funds. This court found adversely to her and affirmed the trial court. That's the point at which the landscape changed and she's now saying, all right, fine, these are estate funds. We should now proceed to try to recover those funds for the estate, not the corporations. She's not appearing on behalf of the corporations. She's not appearing in a corporate capacity. She's merely in error seeking the recovery of funds for the estate based on this court's Rule 23 order. So, as I say, that's... Pardon me, I'm sorry. I'm just, I'm watching a tiger that has itself by its tail going around and around and around, because that's what you just described, at least to me, or maybe two or three tigers all chasing each other. Well, I'm sorry if Your Honor has that impression. All I'm trying to say is, first she was just trying to block the proceeding with the affirmative defense. Now she's saying, okay, since we have a ruling that the money belongs to the estate, let's try to recover it. And now she's budgetly representing the estate when she was defending against it before? That was a prior proceeding. That was a citation to recover. Now she's saying, we're back to go. There are estate assets out there. Let's try to recover those assets for the estate. And wouldn't the fact that... Never mind. All I'd be doing is going around and around myself. Okay. Any other questions? No. Thank you. You have an opportunity to make rebuttals. Thank you, Your Honor. Mr. Kowalkowski? Yeah. Good morning. Please, court. I believe that there were two rulings that were made by Judge Duggan that directly relate to the theft issue. However, even if Judge Duggan did not rule on the theft affirmative defense, as Mr. Rose argues, our position is that res judicata applies and it extends to all matters that could have been raised if the successful later action, which Mr. Rose is now trying to bring on behalf of the estate, would nullify part of the earlier rulings. Let's talk about your first equation. You alluded to that Judge Duggan ruled on the issue of theft. It was very clear to me on the record that he took great pains to say that the theft issue was irrelevant to that case. It had nothing to do with it. He would not rule on it. He didn't care who took it, quote, unquote. Let's move on. So where on the record did he in any way rule on the theft issue? Okay, I think the most explicit part where he ruled or addressed it was not in his September, not during the trial, not during his written ruling that he issued on September 30th, but on the motion to reconsider when Mr. Sherry, through her attorney, tried to raise that issue of the missing $700,000 again. On February 1st, 2012, during his oral ruling on the motion to reconsider, he specifically said that the money doesn't exist and only Sherry could be culpable for its loss. Those were Judge Duggan's words during the motion to reconsider. So during the trial he states it's totally irrelevant, he's not going to rule on it in any manner, and he makes a brief remark in the motion to reconsider and somehow he ruled on the merits at that point? I'm not saying that he ruled on the merits. I'm saying that when he found during the motion to reconsider that only Sherry could be culpable for its loss, that res judicata applies because if the second citation that was dismissed goes forward and results in a finding that my clients are culpable because they stole it, that would nullify that part of Judge Duggan's ruling during the motion to reconsider where he said only Sherry could be culpable for it. If only Sherry could be, but isn't that a little inconsistent? He didn't really know what happened and he said he didn't care about what happened. So if he says culpable, that could be in a legal sense or that could be that she took it. Isn't that a little ambiguous? What does culpable mean? Well, culpable means responsible for the loss. He said that the money existed during his written ruling. He said that Sherry was responsible for maintaining it, but that she was not negligent because she kept it in a secret place in a fortress-like house. If I can give you an example of what I believe Justice Hudson is getting at, if this were a bank and they left $10,000 on one of those corrals or whatever where you take out a deposit slip and pin a chain to it, and they left $10,000 on that and somebody came along and took it and exerted authority over that money as against the owner of that money, the bank might be liable because it breached a duty to see to it that the money wasn't kept safe. It wouldn't change the fact that the person who took the money still wouldn't be liable as well. So what she was found not liable for was a non-breach of her fiduciary duty. She was never found to have taken it. She was found not to be negligent in preserving its secrecy or location or whatever. That doesn't change the fact that if her house was burgled and the money was taken by party or parties unknown, that they wouldn't still be liable. I agree with you, Your Honor. I agree. But there's another part of Judge Duggan's September 30th, 2011 written order that I believe is also inconsistent with allowing a second citation to go forward. In Judge Duggan's written ruling, he wrote, quote, neither of the Radwanski sons who lived in the house during most of those years was aware that funds were stored in this location or that their parents kept large sums of money in the home. Close quote. That's contained on page C783 of the record. Judge Duggan finding in his written ruling after the trial that the sons were not aware that the money even existed would be inconsistent with a future finding that they knew it existed and they stole it. That's our position on that. So we believe that coupled with Judge Duggan saying on the motion to reconsider that only Sherry could be culpable together with his finding that the sons had no knowledge that the money even existed relate to the theft issue and any future finding that they did steal it would nullify those two parts of the written order and his oral ruling. If he didn't think they should be going there or he shouldn't be going there, why did he make the findings that you just said? Well, I'd only be speculating on why Judge Duggan ruled the way he did. I think he, you've got to remember that whether the sons knew about the money was a hotly contested fact at the trial. Sherry introduced evidence claiming that the sons knew the money was there, claiming that at one point she tried to testify that she had a conversation with Dennis where Dennis started talking about the money, and my clients both denied it. We called their sister, Michelle Radlansky, who also said she had no knowledge of the money. So our position at trial was we didn't know about the money. Sherry's position was they were, and Judge Duggan resolved that. When this evidence was presented, did you object to it on the grounds that it was not relevant? You're talking about the evidence about my client's access to the house, whether they knew about the money, things like that? If the issues as proposed or as limited by Judge Duggan was whether or not the assets belonged to the estate, and if so, was there a breach of duty on the part of the mother, then what relevancy does it have relative to whether or not it was wrongfully taken by specific individuals if the only issue was whether or not she's liable for it? I thought it was an issue in the case. I thought the theft issue was an issue in the first trial, and I didn't object to any of those questions leading up until Mr. Rose brought up the Peterbilt truck. That was the objection that I raised on relevancy. He tried to introduce a photograph of a Peterbilt truck with my client standing next to it. The Peterbilt truck, I objected based on relevancy because the Peterbilt truck was not one of the assets that was being contested as a property of the estate. We had a crane, some other automobiles, but the Peterbilt truck was not, so I objected based on that relevancy. Mr. Rose then explained, well, the relevancy is I want to place the sons in the house at a particular time. I didn't say anything else after that. Judge Duggan then just said it's not an issue in the case. I didn't object to the prior questions because my position was it's an affirmative defense. He's pled it. It's part of the case. When you say he pled an affirmative defense, what exactly are you referring to? Mr. Rose, Sherry's affirmative defense of unclean hands that they pled in response to my citation. Counsel, you also raised the issue that Sherry's citation to discover assets constituted a cause of action and thereby would be bargained for Dr. Ray Fiducata. How does the petition citation for discovery only constitute a claim or cause of action? Well, I think you have to look at the purpose of Ray Fiducata, and the purpose of Ray Fiducata is to promote judicial economy and litigate all the rights that the parties have in one lawsuit. And I think when you're talking about rights, you've got to be talking about the right to discovery as well. Do you have any case law authority that says a petition for citation to discover assets is a cause of action barred under Ray Fiducata? In the context of a probate case, no, I do not. I haven't been able to find anything on that issue, so I think it's probably a case of first impression. The only case that I've cited, or one of the cases that I've cited that talked about a citation in a civil proceeding, not a probate proceeding, is the Elmer Saldo Parts case that was a 1992-1994 case. I think Judge Jorgensen was the trial judge on that one. Oh, yes, I remember that case. Okay. In any event, I think if you look at this issue of whether or not a citation to discover assets is a cause of action or not, from a practical standpoint, I think you reveal the absurdity of Mr. Rose's position. Because if a citation to discover assets in a probate proceeding is not an action, not a demand, not a claim, as Mr. Rose claimed, as Mr. Rose asserts, then how many times can they bring depositions against my client, citations against my client? We've already gone through one set of depositions where Mr. Rose asked my client some questions about the missing money and the proposed theft. He now wants to do it a second time. If it's not, if Ray Fiducata does not apply to a citation to discover assets, then what's going to stop him from bringing it a third time, a fourth time, a fifth time if the probate case is still open? I think if he's got a right to discovery, he's got one right to discovery, my client shouldn't be harassed multiple times with multiple citations asking the same questions over and over again. Well, I asked a question, Mr. Rose, about the Supreme Court's interpretation of what is Ray Fiducata. It talks about transactional facts. So I would suggest that you limit what you just said to situations where the transactional facts are the same or substantially the same, such that it is possible, if they allege different transactional facts and circumstances, to bring multiple citations. Yeah, I agree with Your Honor. But if you look at the affirmative defense of unclean hands that Sherry originally brought in the original action and the allegations in her petition to issue a second citation, the transactional facts are identical. She alleges, they're gone through in the briefs, I don't know if you want me to go through them, but my client stole the money, they used it, they laundered it, and then they used it to start a new business, independence towing. Same facts in the affirmative defense. That's what she's alleged in the affirmative defense, and that's what's in the citation. Is the Peterbilt truck included? No. Peterbilt truck is part of the Cook County litigation that's going on between the parties that you know nothing about. Should we know about it, or should we take judicial notice of it? Well, I don't think it's relevant for this litigation. The other, one other claim I'd like, one other statement I'd like to clear up is that in the original action, Mr. Rose says that Sherry never claimed the property as her own, the $700,000 as her own personal property, and I think that's incorrect. If you look at the motion to reconsider, when he filed the motion to reconsider, he made an alternative argument that it should be considered joint property, a joint asset, and that she should have the right to go after her 50% share. He abandoned the, he said in the alternative, if you find that it's not the corporation's money, then Sherry should be entitled to 50% of it because it was a joint asset. That's in her motion to reconsider. So she was taking a position in the original trial court on the motion to reconsider that she personally has the right to go after that money, and that's when Judge Dungeon ruled, well, the money's gone, it doesn't matter who it belongs to, it's a mood issue, it's a debt issue, and only your client could be culpable for its loss. It was in that context that Judge Dungeon ruled. I'd also like to point out that Your Honor mentioned that why didn't Sherry file a counterpetition? Raising the same issue, she filed a firm defense, why not a counterpetition? Mr. Rose's position was, well, I couldn't because we were claiming it was the corporation's money. 2-613B would allow him to plead in the alternative and claim, in the event that the court finds that it's not the corporation's money, that it belongs to the estate, we believe that the two sons stole it. And he could plead in the alternative, a counterpetition, even taking the position at the time that it was the corporation's money. I think another issue that is very important. You said he claimed in his motion to reconsider that the property was joint. And my only knowledge of joint relates to joint tenancy, and joint tenancy relates to the right to survivorship, which means that if she survived him, then she gets it all. However, if it's tenancy in common, then she would obtain half. So it seems to me like there's some inconsistency relative to the nomenclature. If he was claiming a half, was he claiming a joint tenancy in common? Do you know, or maybe I should be asking Mr. Rose? I can't remember the exact language that he used. I remember Judge Dudgeon's response to that was, where in the trial court record during the trial in your closing argument did you ever raise this issue? Judge Dudgeon's position was he claimed the entire time that it was only corporate's money. I'm not going to reconsider this on this joint ownership issue or something because it was never raised at the trial court level. And I think that was one of the issues that was probably raised on appeal and that you may have ruled on the first time. But let's keep in mind that when Judge Fullerton dismissed the second citation, he dismissed it for two reasons. Not only because of race and gender, but also because of the waiver issue. He found that the waiver issue applied too. He said that Sherry should have appealed the first time. If she had appealed the first time, we probably wouldn't be here now. If she had included, if Mr., let me put it this way, if Mr. Rose or Sherry or his client thought that Judge Dudgeon made a mistake by not allowing him to introduce additional evidence on the theft issue, why didn't he appeal that issue? Why didn't, as the court mentioned, why didn't he file a motion to reconsider? Why didn't he make an offer of proof to preserve that issue in the first case? You can continue to finish. Why didn't he? Yeah, why didn't he do any of those things? There's a number of things that just weren't done. Mr. Rose now claims of unfairness, that it would be unfair because he didn't have his opportunity to have the case fully, the theft issue fully tried the first time. However, if you look at two of the recent Supreme Court cases, well, one older case, the River Park case, and the just recently decided Cooney v. Rossiter case from December of 2012, it's 2012 IL 113227. Both of those courts, River Park and the Cooney, addressed the unfairness issue and said, where the unfairness results from the plaintiff's own making because they didn't appeal, because they didn't preserve the issue at the trial court level, because there was no objection, motion to reconsider, it wasn't raised in a motion to reconsider, when they had an opportunity to correct it and they didn't, the unfairness results from the plaintiff's own actions, and that cannot be a reason to file a motion. But isn't this a little bit different? I mean, that is very well settled, you know, principles of law that you're saying. But you have something a little more subtle operating here. In this case, you've read the transcript. I think you'd have to concede. Dudgeon initially said this had nothing to do with the case. There is nothing. I am not going to rule on it, quote, unquote. He didn't say, I see your point or I don't think it's an issue. He said clearly and unequivocally, it's not an issue. I will not rule. Correct? He did. That could throw counsel off a little bit, couldn't it? It very well could. It very well could. And he had an opportunity to rectify that matter by the items I just mentioned. If he thought that Judge Dudgeon made a mistake, why didn't he appeal it? He appealed six different issues in the first appeal. That wasn't one of them. And I think Judge Dudgeon wasn't clear or didn't express exactly why he was saying it's not an issue in this case. And I think we could all speculate about why that was. It might have been the – well, it could have been for any reasons. It could have been just for the reason that he had forgotten about this affirmative defense that was sitting out there. But then that gets back to the unfairness issue. If that's the case, if he just forgot about this affirmative defense, why didn't Mr. Rose – the next day, this was a nine-day trial. Why didn't he just say the next day, Judge, you forgot about this affirmative defense. I'd like to reopen this issue. Why didn't he appeal it? You appealed it to the appellate court the first time. Judge Dudgeon ruled that it's not an issue. Clearly it's an issue. It's in the affirmative defense. Preventing me from introducing additional evidence was an error. This should be reversed. That was his opportunity to correct this unfairness issue. He had it. Any other questions? Thank you, sir. Thank you, Justices. Mr. Rose. Yes, Your Honor. Mr. Rose, your opponent's thrown down the gauntlet. He keeps saying, why didn't you do this, why didn't you do that? So the question is, why didn't you? And that's the point I was going to address first. I note that counsel was also sitting in the courtroom, heard Judge Dudgeon's comments during the colloquy. He also could have spoken up and said, if he wanted this issue clarified as to what the issues were in the case, he could have spoken up also and said, well, no, Judge, it is an issue. That's why we've been introducing evidence also. Again, the colloquy took place in the context of my cross-examination of Dennis Radwanski. It was crossed because when Dennis was first called on direct, he was asked a number of questions in this area. So counsel was proceeding to put in evidence as well. So as he just said to the court, he believed that the issue was in the case also. And we were both proceeding on that belief. We then have Judge Dudgeon saying, no, it's not in the case. I'm not ruling. Move on. We both did. There was no further attempt by Dennis and Danny to put in any evidence on that issue either. Both sides, I think, based on the record, understood that Judge Dudgeon was saying this is an issue that is not in this case, not my job, it's for some other day and some other judge. That was clearly my understanding, and that's why we proceeded no further. As to not filing an appeal, I didn't see that there was anything to appeal. There was no ruling on the issue one way or the other except for the judge saying this is not in the case. Isn't that a ruling? Isn't that a decision? It is a decision. It colored the rest of your activity or so you would have us believe. So why isn't it something that should have been a subject of an appeal? I don't believe it did color the rest of our activity, Judge. What we did was then proceed. Did you proceed in a way that you were going to proceed? You were in the middle of cross-examination. You were asking questions. After this colloquy, your point is you stopped that line of inquiry. As directed by the court. Right, and you find that to be not a ruling? It was not a ruling that I thought was appealable. It seemed to me, as I say, he had made it clear that this was an issue outside that particular proceeding. Again, this is not a trial. This is another point I wanted to make based on Mr. Kolakowski's statements. This was not a trial on a probate case in its entirety. This was a trial on two citations to recover assets of the estate, both directed to the same assets. There can be multiple such citations in a probate proceeding. That case was one unified, isolated instance. What Sherry is now trying to do is proceed on a totally separate matter, which is why this is not an issue of duplicate discovery in the same case. Discovery was attempted to be taken in the first case. Now we're attempting to take discovery in the second case, or if there will be a second case. We're actually trying to find out if there's a sufficient basis for that. And by the way, we did cite authority for the fact that citations to discover assets are not claims. They are simply discovery devices. That's the estate of Garrett, a 1967 case from this district, and the John Ward Bank v. Keller Halls, which is a Fourth District case. Both state that citations to discover assets are simply that, they're discovery devices. They can be, in fact I believe it's the John Ward Bank, but as far as to say they could simply be a fishing expedition. Now we're, that first case, the citation against Sherry, is over and done with. It was concluded when this court issued its Rule 23 opinion. Sherry is abiding by that opinion. Now the question becomes is there a basis for a citation to recover, or a citation to discover against the other heirs and people who may have colluded with them. That's the proceeding, that's the procedural posture that we're in. But we accepted the judge's ruling that the issue of who took the money was not going to be decided and was not decided. That's why there was no appeal. When you said, I'm assuming that Mr. Cole-Cosby's statement is true, that you in your motion to reconsider claim that your client was entitled to half of the funds on the basis that it was jointly owned? Not exactly, Judge. What we said was these are corporate funds, as we've always said. And the testimony in trial, I didn't expect to revisit this, but the testimony in trial was that Sherry and her husband had owned these corporations originally as businesses, effectively as partners, before there was incorporation. As such, they each had an equal share in it. Sherry also testified that when the corporations were created, basically all on the same day with one exception, all of the assets that had been in the partnership immediately became corporate assets. In other words, all that changed was the structure, not the nature of the business or the assets. Judge Dudge's ruling rejected that, finding that they were all corporate assets. In the motion to reconsider, I then came back and said, well, wait, Judge, you've forgotten the fact that we were saying, and I thought it was clear, but evidently it was not, we were saying that prior to incorporation, these were partnerships. In that case, if the court finds that some of these monies were not corporate funds and were not transferred into corporations, then Sherry would at least own half of the pre-incorporation funds. That is an alternative argument. So that was the position. But, again, Judge Dudge had already ruled that all of the funds were estate funds, were not corporate funds. Thank you. We'll take the case under advisement. There will be a short recess. Thank you. Thank you.